UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Holland Koon, #227826,<br>a/k/a Robert Koon,<br>a/k/a Robert H Koon,<br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>Timothy Clark,<br>Jordan Williams,<br>S.C.D.C.,<br>Nurse Lynce,<br>　　　　　　　　　　Defendants. | C/A No. 4:18-1584-DCN-TER<br><br>ORDER |

This is a civil action filed by a state prisoner. On July 18, 2018, Plaintiff Koon's complaint was authorized for service of process. (ECF No. 20). No defendants have entered an appearance in the case yet.

Another state prisoner, Mr. Shuler, has moved to be joined as a plaintiff in this action. (ECF No. 39). Attached to this motion is a complaint with additional defendants named and signed only by Mr. Shuler.

This motion is DENIED and Mr. Shuler is not to be added to the docket as a party. Pro se plaintiffs may not represent one another and pro se class actions are not permissible. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[T]he competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others."); *see also Hummer v. Dalton,* 657 F.2d 621, 625-26 (4th Cir. 1981) (holding that a prisoner's suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners").

While this Circuit has not ruled on the issue of whether multiple prisoner plaintiffs are allowed to join under Rule 20 of the Federal Rules of Civil Procedure, or the issue of fee payment in a case filed by multiple prisoners, the United States Court of Appeals for the Eleventh Circuit addressed these issues in *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001), and found that prisoners may not join in one action. The *Hubbard* court reasoned that, because the plain language of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), requires each prisoner proceeding in forma pauperis to pay the full filing fee, it was appropriate to sever the claims and require each prisoner to file a separate lawsuit. *Hubbard,* 262 F.3d at 1198. Even in light of more flexible holdings in other circuits regarding permissive joinder of multiple prisoner plaintiffs, *see Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137-38 (6th Cir. 1997), courts in this district have found the analysis in *Hubbard* persuasive and have declined to permit prisoner plaintiffs to join in one civil action. *See Williams v. Jones*, No. 9:14-787- RMG-BM, 2014

WL 2155251, at *10 (D.S.C. May 22, 2014) (adopting report and recommendation collecting cases which find *Hubbard* persuasive); *McFadden v. Fuller*, No. 2:13-2290-JMC, 2013 WL 6182365, at *2 (D.S.C. Nov. 22, 2013) (agreeing with the magistrate judge's conclusion that multiple prisoner plaintiffs "should not be allowed to proceed under one joint action"); *see also Carroll v. United States,* No. 5:14-2167-JMC, 2015 WL 854927, at *9-10 (D.S.C. Feb. 27, 2015) (denying joinder of seventy pro se prisoners as co-plaintiffs and noting that the "court has discretion to disallow joinder when it is infeasible or prejudicial"). Each Plaintiff's claim will require individualized determinations. *See also McFadden,* 2013 WL 6182365 at *1 (noting that "each Plaintiff would need to meet the exhaustion requirement of the PLRA and might be entitled to differing amounts of damages").

Moreover, Rule 20 governs the requirements as to who may be joined as plaintiffs: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Plaintiff Koon's claims center around allegations of racial discrimination, retaliation in response to grievances/complaints, attacks by other inmates, and failure to render medical treatment. (ECF No. 1). Mr. Shuler alleges Mr. Shuler was incorrectly taken off the highest level of mental health treatment to the lowest level of mental health treatment by Dr. Woods, resulting in suicide attempts. Mr. Shuler's claims do not meet the requirements for joinder under Rule 20.

Mr. Shuler may file a separate action pro se to pursue his claims.

**TO THE CLERK**

The Clerk is directed to mail this order to both Mr. Shuler and Plaintiff Koon. The Clerk is directed to mail Mr. Shuler a prisoner civil rights packet so that he may avail himself of such forms if he desires to file his own individual action.

**IT IS SO ORDERED**.

September 18, 2018
Florence, South Carolina

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge