UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ROBERT KOON, | C/A No. 4:18-1584-DCN-TER |
| Plaintiff, | |
| | ORDER |
| vs. | |
| TIMOTHY CLARK, JORDAN WILLIAMS, S.C.D.C NURSE LYNCE; | |
| Defendants. | |

This is a civil action filed *pro se* by Robert Holland Koon ("Plaintiff"). Plaintiff is currently housed at the McCormick Correctional Institution (MCI). This matter is currently before the court on Plaintiff's "Motion to State Additional Ongoing Facts Into Tort Claim" (ECF No.43); "Motion For Mediation of Case Subjudice w/in 60 Days" (ECF No.56); "F.R.E. 30 Motion For Oral Depositions FRE 34 Discovery of Doe" (ECF No.57); "Supplemental Complaint w/Jury Demand 42 U.S.C 1983, 1984, 1985 Tort Claim 15-78-10" (ECF No.59); "Motion to Amend Substitute and/or Add Parties to Caption/Pleadings" (ECF No. 70); "Motion to Add Substitute Jane and John Doe Medical Defendants" (ECF No. 71); "Motion to Have SCDC Provide Last Address on Personell File Amy Lynce And Add Jane/John Doe Def. Who Treated Plaintiff 2-11-17" (ECF No. 72); and, a motion to amend the complaint along with a proposed amended complaint which appears to be attempting to add additional

allegations.

Plaintiffs motions Motion to State Additional Ongoing Facts Into Tort Claim, Motion for Supplemental Complaint, and Motion to Amend, Motion to add/Substitute Parties, and "Amended complaint" are all liberally construed as Motions to Amend the Complaint. (ECF No. 43, No. 59, No. 70, 71, and No. 109). On November 8, 2018, Defendants filed a response to the Motion to State Additional Ongoing Facts (ECF No. 43) and Motion for Supplemental Complaint (ECF No. 59). On January 7, 2019, Defendants filed a response to the Motion to Amend (ECF No. 114). In their responses, Defendants contend that they do not oppose the motions to amend but request that the Plaintiff be ordered to file one single amended complaint, and that Plaintiff be required to serve the complaint upon the newly named and unserved Defendants, including "Nurse Lynce'. (ECF. No. #84, #86 and #114).

Because Plaintiff has made several piecemeal filings, Plaintiff is ordered to file one complete Amended Complaint within twenty days of the date of this order. Plaintiff is advised that an amended complaint will supercede the previous original complaint and it must be complete in itself without reference to the prior pleading. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Amended Complaint," refer to the appropriate

2

case number, and be an original signed under penalty of perjury. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supercedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); *see also* 6 Charles Alan Wright et al., Federal Practice and Procedure 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supercedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case. . ." ).

Therefore, Plaintiff's motions (ECF Nos. 43, 59, 70, 71 and 109) are granted in part and denied in part. If Plaintiff does not file one complete Amended Complaint as ordered in compliance with the directions above, within the applicable time period, the motions (ECF Nos. 43, 59, 70, 71 and 109) will be denied and the Original Complaint will be considered as the only active complaint.

Plaintiff's motion entitled "Motion For Mediation of Case Subjudice w/in 60 Days" (ECF No.56) states that he "Files a objection to mediation Rules that exclude SCDC convicts" and attached "a proposed mediation proposal." Plaintiff also seeks "expedited discovery" and "immediate jury trial" within the motion.

Defendants filed a response in opposition arguing that Plaintiff's motion for an expedited trial and expedited discovery is moot as the court has already entered its scheduling order. As to Plaintiff's request to compel broad discovery, Defendants assert that Plaintiff has served Interrogatories, Request for Production, and Requests for Admission, the responses to which are not yet due. Therefore, Defendants request that the court should deny Plaintiff's motion for broad discovery in favor of allowing the current discovery process to proceed. As to the request for court ordered mediation, Defendants request that they be permitted to file dispositive motions and to have those motions ruled upon before this Court requires Defendants to participate in mediation as Defendant will not consider a resolution of Plaintiff's numerous claims until this Court has ruled upon Defendants' future dispositive motions.

To the extent Plaintiff is attempting to move for a discovery conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure as well as for the defendants to provide him with initial disclosures and documents pursuant to Rules 26(a)(1) and (2), the request is denied. Unless otherwise ordered, such requirements are waived due to Koon's *pro se* status pursuant to the Federal Civil Rules and Local Civil Rules of this court. See Fed.R.Civ.P. 26(a)(1)(B) (exempting from initial disclosure prisoner pro se actions); Local Civil Rule 16 .00(B) n. 8 (D.S.C.) ("[I]t is the general practice in this District to waive the Fed.R.Civ.P. 26(f) conference

requirement when a party is proceeding pro se." ). Accordingly, any request for a discovery conference and initial disclosures is denied. However, Defendants have received Plaintiff's discovery requests and state that they will respond.

To the extent Plaintiff requests that the court order mediation at this time, it is denied. Plaintiff's request for an immediate jury trial is denied. Plaintiff's request for discovery is denied because this court does not enter the discovery process, which is governed by the Federal Rules of Civil Procedure. Plaintiff may seek discovery from the Defendants and/or non-parties in accordance with the Federal Rules of Civil Procedure. *See* generally, Rules 26 through 37, 45, Fed. R. Civ. P. The court has entered a scheduling order setting the discovery deadlines. (ECF# 54). However, if Plaintiff's files an amended complaint within twenty days from the date of this order as set forth above, an amended scheduling order will be entered based upon the timing of the amended answer. Accordingly, this motion (ECF # 56) is denied.

On October 18, 2018, Plaintiff filed a motion for oral depositions of what appears to be approximately eighteen different individuals. (ECF No. 57). As set forth above, discovery in civil cases filed in this court is governed by the Federal Rules of Civil Procedure. These rules are applicable to all litigants including those who are proceeding *pro se.* According to Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

Except under certain circumstances in which leave of the court is required, see Fed.R.Civ.P. 30(b)(2), a party may take an oral deposition of another party without leave of the court by serving written notice on the opposing party. See Fed.R.Civ.P. 30. The deponent's attendance may be compelled by subpoena pursuant to Rule 45.[1] To the extent Plaintiff is requesting production of documents within this motion, the request is denied. As previously stated, Plaintiff may seek discovery from the Defendants and/or non-parties in accordance with the Federal Rules of Civil Procedure. *See* generally Rules 26 through 37, 45, Fed. R. Civ. P. The court has entered a scheduling order in this matter. As set forth above, if Plaintiff's files an amended complaint as instructed above, an amended scheduling order will be entered based upon the timing of the amended answer. Accordingly, this motion (ECF No. 57) is denied.

On October 26, 2018, Plaintiff filed a motion requesting that the Court order the "US Marshall to have SCDC Provide Her Home Address Info And Phone Number to Locate Her as this Plaintiff Cannot Locate Her From His Case or in the Alternative,

---

[1] The court's authorization of a subpoena requested by an in forma pauperis plaintiff is subject to limitations, including the relevance of the information sought as well as the burden and expense to a person subject to the subpoena. *See* Fed.R.Civ.P. 26(b) & 45(c)(1). The court notes that, although the plaintiff has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915(d), such status does not mean that the plaintiff's discovery expenses are underwritten or waived. Plaintiff is advised that subpoenas for the attendance at a deposition cannot be enforced without proper prepayment of the appropriate witness and mileage fees. *See* Fed.R.Civ.P. 45(b) (1)

Defendants Jane Doe/John Doe Nurses who refused to Treat plaintiff Injuries on 2-11-17 be Substituted As Defendants Amy Lynce (Lince) and Another Female Nurse (W/F) And A Male Nurse Were Also Involved w/ this Refusal. . ." (ECF No. 72). Plaintiff filed a separate Motion to Substitute Parties addressed above.

Defendants filed a response in opposition objecting to providing Plaintiff with the address of "Nurse Lynce," a former contact employee to the Lieber Correctional Institution, on the basis that it may place her personal security and safety into question.

This motion is denied to the extent Defendants are not ordered to provide Plaintiff with the home address of Defendant Nurse Lynce. However, the Defendants are instructed to provide the address to the court under seal within fifteen days of the date of this order so that the U.S. Marshals service can attempt service. Any requests to amend the complaint has been addressed above. Therefore, Plaintiff's motion (ECF No. 72) is granted in part and denied in part.

IT IS SO ORDERED.

January 11, 2019  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge