UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Holland Koon, #227826, *a/k/a Robert Koon, a/k/a Robert H Koon,* <br><br> Plaintiff, <br><br> vs. <br><br> Timothy Clark, <br> Jordan Williams, <br> S.C.D.C., <br> Nurse Lynce, <br><br> Defendants. | C/A No. 4:18-1584-DCN-TER <br><br><br> ORDER |

This is a civil action filed by a state prisoner. On October 15, 2018, a scheduling order was issued with Motions to Amend Pleadings due by November 15, 2018. (ECF No. 54). On October 18, 2018, Plaintiff moved to amend. (ECF No. 59). On November 1, 2018, the Motion was granted. (ECF No. 77). Plaintiff did not file an Amended Complaint. On January 2, 2019, Plaintiff filed a second Motion to Amend. (ECF No. 109). Plaintiff was ordered to file one complete amended complaint by February 1, 2019. The court ordered Plaintiff:

> Because Plaintiff has made several piecemeal filings, Plaintiff is ordered to file one complete Amended Complaint within twenty days of the date of this order. Plaintiff is advised that an amended complaint will supercede the previous original complaint and it must be complete in itself without reference to the prior pleading. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supercedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); *see also* 6 Charles Alan Wright et al., Federal Practice and Procedure 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supercedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case. . ." ).

> Therefore, Plaintiff's motions (ECF Nos. 43, 59, 70, 71 and 109) are granted in part and denied in part. If Plaintiff does not file one complete Amended Complaint as ordered in compliance with the directions above, within the applicable time period,

the motions (ECF Nos. 43, 59, 70, 71 and 109) will be denied and the Original Complaint will be considered as the only active complaint.

(ECF No. 115). On February 4, 2019, Plaintiff filed a Motion for Extension of Time to Amend Complaint (ECF No. 131). On February 8, 2019, Plaintiff filed a proposed amended complaint.

This court has stated well the standard applicable here:

> **Once a scheduling order's deadline for amendment of pleadings has passed, a movant must first demonstrate to the court that it has a "good cause" for seeking modification of the scheduling deadline under Rule 16(b).** If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a). *Smith v. United Parcel Service, Inc.*, 902 F.Supp. 719, 720 (S.D.W.V.1995); *Marcum v. Zimmer*, 163 F.R.D. 250–254 (S.D.W.V.1995); *Forstmann v. Culp*, 114 F.R.D. 83, 85–86 (M.D.N.C.1987); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir.1992).
>
> Rule 16 was drafted to prevent parties from disregarding the agreed-upon course of litigation. The Rule assures the court and the parties that "at some point both the parties and the pleadings will be fixed." Advis. Comm. Notes for 1983 Amend. Consistent with the Rule's intent, this court has admonished litigants that "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Jordan v. E.I. du Pont de Nemours*, 867 F.Supp. 1238, 1250 (D.S.C.1994) (*citing Johnson*, 975 F.2d at 610).
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. *Smith*, 902 F.Supp. at 720; *Marcum*, 163 F.R.D. at 254; *Forstmann,* 114 F.R.D. at 85; *Johnson*, 975 F.2d at 609. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Procedure § 1522.1 at 231 (2d ed. 1990). In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Advis. Comm. Notes for 1983 Amend.; *Forstmann*, 114 F.R.D. at 85. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. *Johnson*, 975 F.2d at 609.

*Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C.), *aff'd sub nom.*, 129 F.3d 116 (4th Cir. 1997)(emphasis added).

**In accordance with the above case law, Plaintiff is ordered to demonstrate good cause as required by Rule 16(b) by filing written explanation with the court within fifteen (15) days of the date of this order.**

**IT IS SO ORDERED**.

February 11, 2019
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge