# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| ROBERT HOLLAND KOON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TIMOTHY CLARK, JORDAN WILLIAMS, ) <br> CAPT. MACK, MICHAEL MCCALL, ) <br> COACH BELTON, JOSEPH MCFADDEN, ) <br> OFC. ALFAS, SET JONES, SET SANCHEZ, ) <br> OFC. GADSEN, OFC. JOYNER, RICHARD ) <br> SNEAD, INVESTIGATOR RICHARDSON, ) <br> and CPL. BRANTLEY, ) <br> ) <br> Defendants. ) <br> _____) | No. 4:18-cv-01584-DCN <br><br> **ORDER** |

      This matter is before the court on plaintiff Robert Koon's ("Koon") motion to set aside settlement, ECF No. 311, defendants Timothy Clark, Jordan Williams, Captain Albert Mack, David Michael McCall, Jr., Lieutenant Lyndora Belton, Joseph McFadden, Officer Manuel D. Alfas, Sergeant Rashaad Jones, Sergeant Gary Sanchez, Officer Reginald Gadson (misidentified as "Ofc. Gadsen"), Officer Kerry S. Joyner, Richard Snead, Investigator Antwan L. Richardson, and Corporal Anthony J. Brantley's ("defendants") motion to enforce settlement, ECF No. 293, and related filings.[1] For the reasons set forth below, the court denies the motion to set aside the settlement agreement, grants the motion to enforce settlement, and finds as moot all other motions and filings.[2]

---

[1] Koon has mailed the court multiple letters and filings all loosely related to his request that this court set aside the settlement agreement. See ECF Nos. 290, 291, 301, 305, 309.

[2] Koon filed two motions, ECF Nos. 304 and 310, to hold his federal cases in abeyance and remand the matter to the Dorchester County Court of Common Pleas for consideration of his motions to set aside settlement. In an order issued on December 14,

1

## I.  BACKGROUND

Koon filed this action pro se, alleging various violations of his civil rights by defendants while imprisoned at the South Carolina Department of Corrections' ("SCDC") Lieber Correctional Institution between October 2015 and late August 2018.  In addition to monetary compensation for the alleged violations of his civil rights, Koon sought the modification of his sentence—life imprisonment without the possibility of parole—in favor of his immediate release from incarceration.  In August 2019, this court appointed counsel for Koon, W. Christopher Swett.  ECF No. 263.  Thereafter, Koon and defendants engaged in continuous settlement discussions to resolve this and other matters.  The parties reached an agreement to resolve and dismiss this matter with prejudice on or about May 15, 2020, and the court dismissed the case on June 11, 2020.  ECF No. 288.  Koon, through his appointed counsel, and defendants engaged in repeated and extensive negotiations as to the content of a full and final release of all claims (the "Release"), which encompassed the claims that were or could have been asserted in (1) this lawsuit, (2) Koon v. South Carolina Department of Corrections, No. 2018-CP-18-909, filed in the Dorchester County Court of Common Pleas, and (3) Koon v. McCall, No. 4:19-cv-00406, filed in this district.  ECF No. 293-1.[3]

---

2020, the Dorchester County Court of Common Pleas refused to set aside the settlement agreement with respect to Koon v. South Carolina Department of Corrections, No. 2018-CP-18-909.  After careful review, the court finds no grounds to remand or hold this case in abeyance and therefore denies the motions.  Koon also filed a motion for a temporary restraining order, ECF No. 313, to protect Koon's legal rights during the pendency of the litigation.  Because the court enforces the settlement agreement, the case is closed, and the court finds Koon's motion for a temporary restraining order to be moot.

[3] The court wishes to thank Mr. Swett for his service to the court and for agreeing to undertake and complete what undoubtedly was a difficult assignment.  But for his efforts on behalf of plaintiff, the court is convinced that defendants would not have

## II.  DISCUSSION

Koon moves the court to set aside the settlement agreement in this case, and defendants move the court to enforce the settlement. In the Fourth Circuit, federal law governs the enforceability of settlement agreements reached in federal cases. Gamewell Manufacturing, Inc. v. HVAC Supply, Inc., 715 F.2d 112, 116 (4th Cir. 1983). Under federal law, "district courts have inherent authority, deriving from their equity power, to enforce settlement agreements." Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540 (4th Cir. 2002). In order to exercise this power, a district court "(1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions." Id. at 540–41. In making these determinations, courts generally rely on standard contract principles. Topiwala v. Wessell, 509 F. App'x. 184, 186 (4th Cir. 2013). The first step is to look to "the objectively manifested intentions of the parties" to determine whether there was a meeting of the minds. Moore v. Beaufort Cnty., 936 F.2d 159, 162 (4th Cir. 1991). To the extent "there is a factual dispute over the existence of an agreement, over the authority of attorneys to enter into the agreement, or over the agreement's terms, the district court may not enforce a settlement agreement summarily." Hensley, 277 F.3d at 541 (emphasis in original) (footnote omitted). Instead, the district court must hold a plenary evidentiary hearing to resolve the dispute. Id. (quoting Millner v. Norfolk & W. Ry. Co, 643 F.2d 1005, 1009 (4th Cir. 1981)). In the event a settlement "has been reached and its terms and conditions can be determined, the court may enforce the agreement summarily as long as the excuse for nonperformance of the agreement is

---

pursued a settlement, much less agreed to one. The court appreciates all of his efforts and patience.

'comparatively insubstantial.'" Hensley, 277 F.3d at 540 (quoting Millner, 643 F.2d at 1009) (internal citation omitted). As a general principle, the settlement of disputes is favored by the courts, Williams v. First National Bank, 216 U.S. 582 (1910); consequently, "one who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted." Callen v. Pennsylvania R. Co., 332 U.S. 625, 630 (1948).

After careful review, it is clear to the court that the parties reached a complete agreement, and the court is able to determine the terms and conditions of such agreement via the Release, ECF No. 293-1. Koon seeks to alter the terms of the settlement agreement, including by removing a provision that permits the SCDC to apply up to sixty percent of Koon's settlement amount towards his outstanding restitution. However, Koon may not unilaterally alter the terms of the settlement to which he agreed with the assistance of counsel. Moreover, Koon's attempt to alter the terms to the settlement agreement does not constitute a factual dispute over the agreement terms warranting a plenary hearing. Unfortunately for Koon, "having second thoughts about the results of a settlement agreement does not justify setting aside an otherwise valid agreement." Young v. F.D.I.C., 103 F.3d 1180, 1195 (4th Cir. 1997). As such, Koon's complaints regarding his ultimate financial recovery under the Release are without merit.

Koon also complains about the percentage of his proceeds that went to his former counsel, that his former counsel did not open a bank account in his name, and that his

former counsel should have known about certain statutes relating to restitution[4] before entering settlement. Effectively, Koon expresses his dissatisfaction with his net settlement amount. Yet "[d]efeated expectations do not [] entitle the litigant to repudiate commitments made to opposing parties or to the court." Petty v. Timken Corp., 849 F.2d 130, 133 (4th Cir. 1988). A material dispute about the validity of a settlement agreement does not exist where a party merely alleges inadequate representation by his attorney during settlement discussions. Id. In such cases, "[u]nless the resulting settlement is substantially unfair, judicial economy commands that a party be held to the terms of a voluntary agreement." Id.; see also Sherman v. Philip Morris, Inc., 960 F.2d 147 (4th Cir. 1992) (unpublished) (affirming district court's enforcement of a settlement agreement and rejecting plaintiff's argument on appeal that inadequate representation by plaintiff's attorney had rendered his consent involuntary). Based on the foregoing, Koon has not satisfied his burden of showing the agreement is tainted with invalidity or is substantially unfair, and the court denies Koon's motion to set aside the settlement agreement and grants defendants' motion to enforce the same.[5]

---

[4] In any event, it appears that the statutes to which Koon points do not apply to the restitution owed by Koon and are thus irrelevant to the motions before the court.

[5] Koon likewise filed motions to compel production of his former counsel's files related to this action, ECF No. 303. To the extent Koon requests his casefile from his former counsel, the court has been informed that Koon was so provided. The court finds Koon's additional discovery requests, including requests for certain Hood Law Firm, LLC contracts of representation, without merit. As such, the court denies the discovery motions.

5

### III. CONCLUSION

For the foregoing reasons, the court **GRANTS** the motion to enforce settlement, **DENIES** the motion to set aside settlement, and **FINDS AS MOOT** all other motions and filings.

**AND IT IS SO ORDERED.**

                                                DAVID C. NORTON
                                                UNITED STATES DISTRICT JUDGE

**March 29, 2021**
**Charleston, South Carolina**